Fred A. Young, J.
The claim herein originally was in the name of Leon Tommy Gallinger, an infant over the age of 14 years, by his guardian ad litem, Leon Gallinger, and Leon Gallinger. By motion No. 5083, duly made before this court, the claim was amended to read 1 ‘ Leon Tommy Gallinger and Leon Gallinger, claimants ”, the said Leon Tommy Gallinger having attained his majority.
The accident occurred on March 24, 1956, at about 2:45 a.m. on Route 11, near the village limits of Canton, New York. Potsdam is 11 miles from Canton. The claimant was an engineering student in his junior year at Clarkson College at Potsdam. He lived with his parents in Canton.
Whether or not the State was negligent in the manner in which the highway was maintained during the reconstruction period is not, so far as this case is concerned, necessary to decide. The court stated from the Bench that it would decide the case solely on the question as to whether or not the claimant, Leon Tommy Gallinger, was free from contributory negligence. In the event that he could not prove his freedom from contributory negligence, then, of course, both his claim and the claim of his father, Leon Gallinger, being derivative, would fail.
In the opinion of this court one glaring and inescapable conclusion cannot be overlooked and that is the contributory negligence of the claimant, Leon Tommy Gallinger; and even if negligence were established against the State of New York, the *528 claim would have to be dismissed because of the contributory negligence of the claimant, Leon Tommy G-allinger.
In addition, the evidence fails to establish that the State had any notice, actual or constructive, of any ice formation on Route 11 at or near the scene of the accident.
Claimant drove over this road at least twice daily every school day — once going to school and once returning home. He had a girl friend (now his wife) in Potsdam and found himself traveling this road sometimes more than twice daily. He was a member of a college fraternity and fraternity functions occasionally caused him to travel this road on additional trips. Thus it cannot be said that he did not have ample opportunity to apprise himself of the condition of the road. Here the claimant had knowledge of the danger, if one existed, and knowingly exposed himself to the danger.
As a matter of fact on the day of the accident he travelled this road four times. He was a member of the social committee at his fraternity house. The fraternity was having a ‘ ‘ Vic ’ ’ party. Beer was served to about a hundred guests during the evening and claimant had two beers. If he had three beers, he drank the third one before twelve o’clock. He left the fraternity house at about 2:00 a.m. to return to his home in Canton.
Between 2:30 and 2:45 a.m. he arrived at the scene of the accident. For a distance of about four miles the road was under reconstruction. There was one sign on the road which read “ cautioh-dbive slowly-cojrstrtjctioe ahead”. The absence of adequate warning signs, if any, did not cause the driver to do anything other than what he would have done had the signs been present. (Applebee v. State of New York, 308 N. Y. 502.) Signs are erected to give warning. The driver knew of the conditions for four years and he knew them to be dangerous all during this period of construction. The scarcity of signs was not the proximate cause of the accident herein nor a contributing cause. As a matter of fact claimant did not even heed the sign that was present.
On the return trip from Potsdam he drove 40 to 50 miles per hour where a speed of 50 miles per hour was permitted. As he entered the village limits he slowed down to 20 to 25 miles per hour because, as he testified, there was a speed trap in the area, and although it was about 2:45 in the morning, he used caution — even though at that hour it is doubtful that an officer would be around in a village such as Canton.
At this point we feel that the physical facts tell their own story. They may be sufficiently strong within themselves, or in combination with other evidence, to permit the legitimate infer *529 ence of negligence on the part of the driver. We believe that claimant’s verbal testimony as to the speed he was traveling is in conflict with the physical facts. When he first struck the puddle of water, which extended some two to three hundred feet, he was traveling between 20 to 25 miles per hour. His speed was slowed down by the water. At the same time he was going up a grade of 3.5% which also caused his speed to slow down further. Yet at this reduced speed he travelled some two to three hundred feet further up the grade, veered off the traveling portion of the road, struck a tree and completely demolished his car. At no time did he attempt to apply his brakes and we believe that under the circumstances, if necessary, he should have stopped his car to avoid the accident. At no time did he attempt to stop the car even though for four years prior to this occasion he knew that a dangerous condition existed in the area. There is no caution indicated here in spite of the fact that he had previous knowledge of the conditions that existed.
Under these circumstances if the claimant were confronted with an emergency, we believe it was one of his own making for which the State cannot be held responsible. He, himself, described the road after the water had been over the surfaced portion; he clearly described the conditions thoroughly after he had seen cars go over the road when water had been on it and all this time he also knew it was a freezing night and it was possible for ice to form. This is knowledge that he knew according to his own testimony and there is no evidence of any kind that the State had any notice, in any manner, of the existence of this condition.
“ A highway may be said to be reasonably safe when people who exercise ordinary care can and do travel over it safely ’ ’. (Boyce Motor Lines v. State of New York, 280 App. Div. 693, 696, affd. 306 N. Y. 801.) The claimant produced several witnesses all of whom testified that they knew the highway in question, had travelled the road and considered it to be dangerous. Yet not one was ever involved in an accident. Route 11 is a welltravelled highway and no reported accidents, similar or otherwise, have occurred at or near the site — not even with strangers traveling the road. Claimants’ trial counsel was an astute and able barrister. An examination before trial was held. We feel confident that had other accidents taken place these facts would have been established by trial counsel. At any rate we must take the record as we find it.
Faced with this testimony in the record, we cannot accept the theory that claimant was free from contributory negligence. Nor do we accept the theory that claimant momentarily forgot. *530 Page 80 of the minutes contains a question and answer to which the court makes reference: “ Q. You were questioned here generally as to whether you knew this was a dangerous condition. Did you have it in mind when you came back in the morning of the 24th? A. No, I didn’t. You don’t remember everything
In claimants’ brief and throughout the trial much emphasis was placed upon whether or not the claimant is to be charged with contributory negligence because he once knew of the danger and suffered a momentary lapse at the time when he needed the knowledge. We are familiar with the law that the failure to have in mind the circumstances of a dangerous condition at the time one encounters it, even though there had been knowledge of the condition in the past, does not constitute contributory negligence as a matter of law.
Of course, the circumstances must always be considered. Mere lapse of memory, or inattention or mental abstraction at a critical moment, cannot be considered an adequate diversion. It is for the trier of the facts to say whether the failure to have the danger in mind was the result of such poor memory or such inattentiveness on the part of the injured person so as to charge him with conduct falling below the standard of a reasonable prudent man.
In the instant case it was incumbent upon the claimant to use reasonable care in avoiding the hazard which he knew existed and the manner in which he approached the scene of the accident and the manner in which he operated his automobile do not measure up to the precaution that a prudent driver would have taken under all the circumstances.
The motion made by the Attorney-General at the close of the case on which decision was reserved is granted and the claim is dismissed.
The foregoing is the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.) Let judgment be entered accordingly.